1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 LENORA HAMILTON,                                  Case No.  24-cv-04491-BLF

8                    Plaintiff,                     **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT**

9          v.                                       **LEAVE TO AMEND; TERMINATING AS MOOT DEFENDANT'S MOTION**

10 UNITED STATES OF AMERICA,                        **TO STAY DISCOVERY; AND DISMISSING ACTION WITHOUT**

11                    Defendant.                    **PREJUDICE**

12                                                  [Re:  ECF 14, 27]

13

14

15          In this civil action brought under 26 U.S.C. § 7422, *pro se* Plaintiff Lenora Hamilton

16 asserts a single claim for refund of $2,070 in federal income taxes for the 2017 tax year.  *See*

17 Compl., ECF 1.  Defendant United States of America[1] ("the Government") has filed two motions:

18 (1) a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil

19 Procedure 12(b)(1) or, alternatively, for failure to state a claim under Federal Rule of Civil

20 Procedure 12(b)(6); and (2) a motion to stay discovery pending disposition of the motion to

21 dismiss.  *See* Def.'s Mot. to Dismiss, ECF 14; Def.'s Mot. to Stay, ECF 27.

22          The Court previously vacated the hearing on the motion to dismiss, which had been

23 noticed for February 27, 2025.  *See* Order Vacating Hearing, ECF 28.  The motion to stay

24 discovery was not noticed for hearing, and the Court finds it suitable for decision without oral

25 argument.  *See* Civ. L.R. 7-1(b).

26

27 ─────────────────────

28 [1] Plaintiff filed this suit against the Commissioner of the Internal Revenue Service, but the proper defendant is the United States of America.  *See* 26 U.S.C. § 7422(f)(1).  Accordingly, the United States of America is substituted as the defendant.  *See id.* § 7422(f)(2).

United States District Court
Northern District of California

For the reasons discussed below, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.  The motion to stay discovery is TERMINATED AS MOOT.  Finally, the action is DISMISSED WITHOUT PREJUDICE.

## I.     BACKGROUND

Plaintiff's employer withheld $2,070 in estimated income taxes during the 2017 tax year, through a W-2 or 1099 withholding.  *See* Compl. ¶¶ 1, 3; Def.'s Ex. 1 (IRS Account Transcript) at p. 2, ECF 14-1.  Plaintiff filed her tax return for the 2017 tax year in November 2021, seeking a refund of $2,070.  *See* Compl. ¶ 3; Def.'s Ex. 1 (IRS Account Transcript) at p. 2.  The Internal Revenue Service ("IRS") denied Plaintiff's claim for refund as untimely.  *See* Compl. ¶ 3; Def.'s Ex. 1 (IRS Account Transcript) at p. 2.  Plaintiff filed an administrative appeal with the IRS in August 2022, which was denied in February 2024.  *See* Compl. ¶ 4.

Plaintiff filed this *pro se* civil action for a tax refund on July 25, 2024, asserting a single claim for refund of federal income taxes in the amount of $2,070 for the 2017 tax year.  *See* Compl. ¶ 9.  Plaintiff acknowledges that her 2017 tax return was late, but she argues in her opposition that she is entitled to tolling based on financial disability.  Plaintiff alleges that she suffered a work injury and lost her job in 2016.  *See id.* ¶ 1.  Plaintiff lost her insurance at that time.  *See id.*  She filed for unemployment benefits and pursued a workers compensation case.  *See id.*  In 2021, Plaintiff received an eviction notice advising that she no longer qualified for her below-market rate unit, because her son had moved out.  *See id.* ¶ 2.  Plaintiff alleges that the last day to file her 2017 tax return, April 15, 2021, fell right in the middle of her eviction proceedings and she was not able to meet that deadline.  *See id.*

The Government filed the present motion to dismiss in October 2024, and noticed it for hearing on February 27, 2025.  *See* Def.'s Mot.  Plaintiff filed two oppositions in January 2025, supported by documentary evidence, all of which have been considered by the Court.  *See* Pl.'s Opp'ns, ECF 24, 25.  The Government filed a reply on January 31, 2025.  *See* Def.'s Reply, ECF 26.  Shortly after filing the reply in support of its motion to dismiss, the Government filed a motion to stay discovery.  *See* Def.'s Mot. to Stay.  As stated above, the Court vacated the hearing on the motion to dismiss, and the motion to stay discovery was not set for hearing.

## II.    LEGAL STANDARD

### A.    Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  In a factual attack, the challenger may present extrinsic evidence establishing the lack of subject matter jurisdiction.  *See id.*

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022) (internal quotation marks and citation omitted).  "At that point, the court may resolve any factual disputes concerning the existence of jurisdiction."  *Id.*

### B.    Failure to State a Claim under Rule 12(b)(6)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim."  *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).  When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party."  *Id.*  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### C.    Stay of Discovery

District courts have discretion to issue protective orders relating to discovery, including orders staying discovery, for "good cause."  Fed. R. Civ. P. 26(c); *see also Tavantzis v. Am. Airlines, Inc.*, No. 23-CV-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024).

### III.    DISCUSSION

The Government moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) or, alternatively, for failure to state a claim under Rule 12(b)(6). The Government also moves to stay discovery pending disposition of the motion to dismiss. Plaintiff opposes both the motion to dismiss and the motion to stay discovery.

As discussed below, the Court agrees with the Government that the complaint is subject to dismissal for lack of subject matter jurisdiction, and will grant the motion to dismiss on that ground. The Court therefore need not address the Government's alternative argument that the complaint is subject to dismissal for failure to state a claim. In light of the disposition of the motion to dismiss, the Government's motion for a stay of discovery will be terminated as moot.

The Government characterizes its Rule 12(b)(1) motion as both a facial attack based on the allegations in Plaintiff's complaint and a factual attack supported by extrinsic evidence. Because the Government submits and relies on extrinsic evidence, and in particular the IRS Account Transcript reflecting Plaintiff's payment of taxes for the 2017 tax year, the Court treats the Government's motion as a factual attack on subject matter jurisdiction.

#### 1.    Jurisdictional Timeliness Requirements

"The United States is generally immune from suit and can be sued only if it has waived its sovereign immunity." *Libitzky v. United States*, 110 F.4th 1166, 1171 n.1 (9th Cir. 2024) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The United States "waives its sovereign immunity for tax refund lawsuits if the taxpayer has complied with certain statutory and regulatory requirements[.]" *Libitzky*, 110 F.4th at 1171 n.1. If the taxpayer has not met those requirements, then the United States has not waived its sovereign immunity and the lawsuit must be dismissed for lack of jurisdiction. *See id.*

A civil suit for refund may be filed under 26 U.S.C. § 7422, but only after a claim for refund "has been duly filed" with the IRS in accordance with "the provisions of law in that regard[.]" 26 U.S.C. § 7422(a). A refund claim is duly filed with the IRS in accordance with applicable provisions of law only if it meets certain timeliness requirements set forth in 26 U.S.C. § 6511. *See Libitzky*, 110 F.4th at 1171 (discussing jurisdictional timeliness requirements of 26

United States District Court
Northern District of California

1   U.S.C. § 6511(a), (b)).  Specifically, § 6511 requires that "[w]hen taxpayers seek a tax credit or

2   refund from the IRS, they must comply with two interrelated time limitation provisions – the

3   'limitation period' and the 'look back period,' both of which are jurisdictional." *Libitzky*, 110

4   F.4th at 1171 (discussing timeliness requirements of 26 U.S.C. § 6511(a), (b)); *see also Zeier v.*

5   *IRS*, 80 F.3d 1360, 1363-64 (9th Cir. 1996) (timeliness requirements of 26 U.S.C. § 6511(a), (b)

6   are jurisdictional).

7                           a.      **Limitation Period under § 6511(a)**

8          "The taxpayer must first comply with what we will call the 'limitation period' requirement,

9   which sets a deadline by which the taxpayer must make a refund claim" to the IRS.  *Libitzky*, 110

10  F.4th at 1171.  "The limitation period is like a statute of limitation: if a taxpayer does not file a

11  claim within the prescribed time frame, he cannot receive any refund – period." *Id*.  The limitation

12  period requirement appears in 26 U.S.C. § 6511(a), under which "a taxpayer must file a claim for

13  credit or refund 'within 3 years from the time the return was filed or 2 years from the time the tax

14  was paid, whichever of such periods expires later[.]'" *Zeier*, 80 F.3d at 1363 (quoting 26 U.S.C. §

15  6511(a)).  "No credit or refund shall be allowed or made after the expiration of the period of

16  limitation prescribed in subsection (a)[.]" 26 U.S.C. § 6511(b).  "Read together, the import of

17  these sections is clear: unless a claim for refund of a tax has been filed within the time limits

18  imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." *Libitzky*, 110

19  F.4th at 1171 (internal quotation marks and citation omitted).

20                          b.      **Look-Back Period under § 6511(b)(2)**

21         "But this 'limitation period' is just the first hurdle a taxpayer must jump through to sue for

22  a refund." *Libitzky*, 110 F.4th at 1172.  "Even if a taxpayer makes a timely refund claim, the

23  amount he receives will depend on § 6511(b)(2)'s applicable 'look-back' provision." *Id*.  Under

24  that provision, a taxpayer may recover only those taxes that were paid during the three-year period

25  immediately preceding the filing of the refund claim (the three-year look-back period), or during

26  the two-year period immediately preceding the filing of the refund claim (the two-year look-back

27  period).  *See* 26 U.S.C. § 6511(b)(2).  Which of those look-back periods applies under §

28  6511(b)(2) depends on which limitation period applies under § 6511(a).  *See id.*  "If the three-year

1   limitation period applies, then the look-back period is also three years, plus the period of any

2   extension that was granted for filing the return." *Libitzky*, 110 F.4th at 1172; *see also* 26 U.S.C. §

3   6511(b)(2)(A).  "If the three-year limitation period does not apply, then the look-back period is

4   two years." *Libitzky*, 110 F.4th at 1172; *see also* 26 U.S.C. § 6511(b)(2)(B).

5                   **2.      Plaintiff's Claim for Refund**

6                   **a.      Plaintiff's Refund Claim was Timely under § 6511(a)**

7          In the present case, Plaintiff made her claim for refund of $2,070 on her income tax return

8   for the 2017 tax year, which was filed in November 2021.  *See* Compl. ¶¶ 1, 3; Def.'s Ex. 1 (IRS

9   Account Transcript) at p. 2.  "In general, in the case of an overpayment of income taxes, a claim

10  for credit or refund of such overpayment shall be made on the appropriate income tax return."  26

11  C.F.R. § 301.6402-3(a)(1); *see also Reynoso v. United States*, 692 F.3d 973, 977 (9th Cir. 2012).

12  Because Plaintiff's claim for refund was made on her return for the 2017 tax year, the claim for

13  refund necessarily was filed within three years of the filing of that return.  Plaintiff's claim for

14  refund therefore was timely filed within the three-year limitation period set forth in 26 U.S.C. §

15  6511(a).

16                  **b.      Plaintiff's Refund Claim was Untimely under § 65(b)(2)(A)**

17         Because the three-year limitation period under § 6511(a) applies, the three-year look-back

18  period under § 6511(b)(2)(A) also applies.  Plaintiff does not allege that the three-year look-back

19  period was extended by any extension of the deadline to file her 2017 tax return.  *See generally*

20  Compl.  Accordingly, Plaintiff's recovery of the claimed $2,070 refund is limited to the portion of

21  those taxes paid during the three-year period immediately preceding the filing of her 2017 tax

22  return containing the claim for refund.  *See* 26 U.S.C. § 6511(b)(2)(A).

23         Plaintiff alleges that her 2017 tax return was filed on November 24, 2021.  *See* Compl. ¶ 3.

24  The Government's records reflect that the return was filed on November 30, 2021.  *See* Def.'s Ex.

25  1 (IRS Account Transcript) at p. 2.  Even accepting the earlier date alleged by Plaintiff, no portion

26  of the $2,070 in alleged tax overpayments was paid during the three-year look-back period

27  immediately prior to November 24, 2021.  Those taxes, which were withheld during the 2017 tax

28  year, were deemed paid on the date the tax return for the 2017 tax year was due, that is, on April

United States District Court
Northern District of California

6

15, 2018.  *See* 26 U.S.C. § 6513(b)(2); *Reynoso*, 692 F.3d at 978.  Thus, Plaintiff missed the look-back period by approximately seven months and cannot recover any of the $2,070 in alleged tax overpayments.

Because Plaintiff's refund claim was not timely under § 6511(b)(2)(A), this Court lacks subject matter jurisdiction over her suit.  *See Zeier*, 80 F.3d at 1364 ("[W]e hold that § 6511(b)(2)(A) is jurisdictional.").

### 3.    Tolling for Financial Disability

In her opposition, Plaintiff argues that she is entitled to tolling for financial disability under 26 U.S.C. § 6511(h), and thus that her refund claim was timely.  Section 6511(h) provides in relevant part that the running of the limitation and look-back periods specified in §§ 6511(a) and (b) "shall be suspended during any period of such individual's life that such individual is financially disabled."  26 U.S.C. § 6511(h).

In order to establish financial disability under § 6511(h), the taxpayer must submit two documents to the IRS with the taxpayer's claim for tax refund.  *See* IRS Rev. Proc. 99-21 § 4; *Barbeau v. IRS*, No. 2:21-cv-08544-VAP-(Ex), 2022 WL 3588420, at *2 (C.D. Cal. July 19, 2022).  First, the taxpayer must submit a written statement by a physician that includes:

(a) the name and a description of the taxpayer's physical or mental impairment;

(b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;

(c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;

(d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and

(e) the following certification, signed by the physician:  I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

IRS Rev. Proc. 99-21 § 4; *see also Barbeau*, 2022 WL 3588420, at *2.  Second, the taxpayer must submit a written statement that no other person was authorized to act on behalf of the taxpayer in financial matters during the period in which the taxpayer was financially disabled.  *See* IRS Rev.

1    Proc. 99-21 § 4; *see also Barbeau*, 2022 WL 3588420, at *2.

2    Plaintiff asserts that she submitted the required physician's statement and taxpayer's

3    statement to the IRS when she administratively appealed the denial of her claim for refund.

4    Plaintiff provides copies of those statements with her opposition to the Government's motion to

5    dismiss.  *See* Physician's Statement, ECF 25-1 at 5-9; Taxpayer's Statement, ECF 25-1 at 4.

6    Plaintiff's submission of the physician's statement and taxpayer's statement with her

7    administrative appeal, rather than with her claim for refund, likely did not comply with the

8    requirements for tolling under § 6511(h).  *See Barbeau*, 2022 WL 3588420, at *2 (filing

9    taxpayer's statement and physician's statement months after filing claim for refund was

10   insufficient to trigger tolling under § 6511(h)).

11   Even if submission of a physician's statement and taxpayer's statement with an

12   administrative appeal, rather than with the original refund claim, could satisfy § 6511(h) in theory,

13   the physician's statement submitted by Plaintiff is insufficient.  That statement, which was

14   prepared for use in Plaintiff's worker's compensation case, offers opinions that Plaintiff suffers

15   from hypertension and sleep disturbance.  *See* Physician's Statement, ECF 25-1 at 5-9.  The

16   physician's statement does not include an opinion that Plaintiff suffered from a physical or mental

17   impairment that prevented her from managing her financial affairs, as required for tolling under §

18   6511(h).  *See id.*

19   Plaintiff has not established that she is entitled to tolling under § 6511(h), and absent

20   tolling this Court lacks subject matter jurisdiction over Plaintiff's civil suit.  *See Barbeau*, 2022

21   WL 3588420, at *5 ("Accordingly, as Plaintiff's claim is not tolled, the three-year limitation is a

22   jurisdictional bar to her refund claim."); *Milton v. United States Internal Revenue Serv.*, No. 2:16-

23   CV-00554-RAJ, 2017 WL 2573995, at *2 (W.D. Wash. June 14, 2017) ("Plaintiff failed to satisfy

24   his burden to show a financial disability under § 6511(h). The Court therefore lacks subject-matter

25   jurisdiction over his claim for a refund."); *Reilly v. United States*, No. CV 14-07936 DDP (PJWx),

26   2015 WL 5305210, at *5 (C.D. Cal. Sept. 10, 2015) ("Because Plaintiffs have not demonstrated

27   that they have complied with the requirements of 26 U.S.C. § 6511(h), the Court is barred from

28   exercising jurisdiction[.]").

United States District Court
Northern District of California

### 4.    Other Asserted Grounds for Relief

Plaintiff asks the Court to allow her to go forward with her civil suit under the Taxpayer Bill of Rights, 26 U.S.C. § 7803(a)(3); 28 U.S.C. § 1346; and the President's declaration of emergency during the COVID-19 pandemic.

The Taxpayer Bill of Rights "did not grant new enforceable rights." *Facebook, Inc. v. Internal Revenue Serv.*, No. 17-CV-06490-LB, 2018 WL 2215743, at *13 (N.D. Cal. May 14, 2018). Instead, the Taxpayer Bill of Rights "impose[d] an affirmative obligation on the Commissioner of Internal Revenue to ensure that employees of the Internal Revenue Service are familiar with and act in accord with preexisting taxpayer rights established in other provisions of the Internal Revenue Code." *Id.* (internal quotation marks and citation omitted).

Under 28 U.S.C. § 1346, district courts have jurisdiction over civil actions against the United States for recovery of taxes alleged to have been erroneously, illegally, or wrongfully collected. *See* 28 U.S.C. § 1346(a)(1); *United States v. Dalm*, 494 U.S. 596, 601 (1990). However, § 1346(a)(1) must be read in conformity with other jurisdictional requirements for a tax claims against the United States, including 26 U.S.C. § 7422 and 26 U.S.C. § 6511. *Dalm*, 494 U.S. at 601-02. As discussed above, application of § 6511 bars Plaintiff's civil suit.

Finally, to the extent Plaintiff seeks equitable relief based on the COVID-19 pandemic, "the Supreme Court has explicitly stated that courts are not to create equitable exceptions to the limitations in § 6511." *Reynoso*, 692 F.3d at 982 (citing *United States v. Brockamp*, 519 U.S. 347, 352 (1997)).

### 5.    Leave to Amend

Based on the foregoing, the Court concludes that Plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction. Next, the Court must determine whether leave to amend is appropriate. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

1        There is no evidence of undue delay in this court (first factor), bad faith (second factor),

2   failure to cure deficiencies (third factor), or undue prejudice to the Government (fourth factor).

3   Therefore, leave to amend turns on whether amendment would be futile (fifth factor).  Amendment

4   would be futile here.  The Court lacks subject matter jurisdiction over Plaintiff's civil suit because

5   her claim for refund was untimely under § 6511(b)(2)(A), and she did not submit adequate proof

6   of financial disability with her claim for refund as required for tolling under § 6511(h).  Plaintiff

7   could not cure those deficiencies through amendment of her complaint.  "[A] district court does

8   not err in denying leave to amend where the amendment would be futile."  *Missouri ex rel. Koster*

9   *v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks and citation omitted).

10       Plaintiff's complaint will be dismissed WITHOUT LEAVE TO AMEND.

11              **6.      Conclusion**

12       The Government's motion to dismiss will be GRANTED WITHOUT LEAVE TO

13  AMEND for lack of subject matter jurisdiction.  The Government's motion to stay discovery will

14  be TERMINATED AS MOOT.

15       "In general, dismissal for lack of subject matter jurisdiction is without prejudice."

16  *Missouri ex rel. Koster*, 847 F.3d at 656.  "The theory undergirding the general rule is that the

17  merits have not been considered before dismissal."  *Id*. (internal quotation marks and citation

18  omitted).  Accordingly, although it appears unlikely that Plaintiff could bring a viable future

19  action on these facts, the action will be DISMISSED WITHOUT PREJUDICE.

20  **IV.   ORDER**

21       (1)    The Government's motion to dismiss is GRANTED WITHOUT LEAVE TO

22              AMEND for lack of subject matter jurisdiction.

23       (2)    The Government's motion to stay discovery is TERMINATED AS MOOT.

24       (3)    The action is DISMISSED WITHOUT PREJUDICE.

25       (4)    This order terminates ECF 14 and 27.

26

27  Dated:  March 26, 2025          _____

28                                  BETH LABSON FREEMAN
                                    United States District Judge

United States District Court
Northern District of California